**Ismael FLORES, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 14–94–00214–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 1, 1996.

Discretionary Review Refused May 1, 1996.

Kristine C. Woldy, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and AMIDEI, JJ.

## OPINION

ANDERSON, Justice.

Ismael Flores (Flores) appeals from a jury conviction of capital murder. TEX.PENAL CODE ANN. § 19.03(a)(2) (Vernon Supp.1992).[1] The trial court sentenced him to life in the Texas Department of Criminal Justice, Institutional Division. In four points of error, Flores contends the trial court erred by admitting videotape evidence of the crime scene and by excluding testimony from two witnesses for violating the witness exclusion rule (the Rule). We affirm.

In the course of committing a robbery, Flores, along with two accomplices, shot and killed Hector Garcia. The perpetrators robbed Garcia of approximately eighty pounds of marijuana. After murdering Garcia, they pushed his body from a car onto a public road.

■ In his first two points of error, Flores contends the trial court erred by ad-

mitting videotape evidence of the crime scene where Flores' body was found because it was cumulative of other evidence already admitted and because poor lighting made the video deceptive and misleading. The videotape did not have any sound. The admission of a silent video is governed by the same rules for the admission of ordinary photographs. *Huffman v. State,* 746 S.W.2d 212, 222 (Tex. Crim.App.1988). In ruling on the admission or exclusion of photographic evidence, the trial court is accorded considerable discretion. *Id.*

■ The videotape evidence was introduced after six photos, also depicting the same scene, were admitted without objection. Generally, a video recording allows a more panoramic representation of the evidence than a still photo, and thus, may be more helpful to a jury than an ordinary photo. *See Gordon v. State,* 784 S.W.2d 410, 412 (Tex. Crim.App.1990). Although the video in question was filmed at night, sufficient light was present for the camera to portray the crime scene in considerable detail. Further, the videotape was not cumulative because it offered a three dimensional perspective. Thus, the trial court did not abuse its discretion by admitting this evidence. We overrule Flores' first and second points of error.

■ In his third and fourth points of error, Flores contends the trial court erred by excluding testimony from two defense witnesses for violating the Rule. TEX.R.CRIM. EVID. 613. The Rule was invoked at the beginning of the trial. The two excluded witnesses heard approximately ten minutes of testimony from a police detective testifying for the State. The detective testified as to the legitimacy of Flores' confession, and his ability to read and comprehend the waiver of his rights. The excluded witnesses were to testify that Flores was illiterate and that Flores' family had received threats from the family of the victim following the murder. The defense contended the threats to Flores' family were used to coerce his confession. Thus, the content of the witness' testimony

---

1. The crime for which appellee was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* acts, 73rd Leg., ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

related to the testimony they overheard. The trial court allowed one of the witnesses, Flores' sister, to testify as to threats she personally received, but not to Flores' literacy. The second witness was excluded entirely. Flores' mother had already testified in some detail that her son could not read or write. Further, Flores himself also testified on this issue.

▪ In determining whether to disqualify a witness for violating the Rule, the trial court must balance the interests of the state and the accused, consider alternative sanctions, and consider the benefit and detriment arising from a disqualification in light of the nature and weight of the testimony to be offered. *Davis v. State,* 872 S.W.2d 743, 745 (Tex.Crim.App.1994). When reviewing the exclusion of a witness for violating the Rule, an appellate court must determine: (1) were there other particular circumstances, other than the mere fact of the violation, which would tend to show the defendant or his counsel consented, procured or otherwise had knowledge of the witness' presence in the courtroom, together with knowledge of the content of that witness' testimony; and (2) if no particular circumstances existed to justify the disqualification, was the excluded testimony crucial to the defense. *Webb v. State,* 766 S.W.2d 236, 245 (Tex.Crim.App.1989).

According to Flores' counsel, he asked the witnesses to leave as soon as he realized they were in the courtroom. The witnesses testified, outside the presence of the jury, that they were not present in the courtroom when the Rule was invoked. Although Flores' counsel knew these witnesses would be testifying, there is no indication that he or the defendant consented, procured or knew of their presence prior to asking them to leave. However, the excluded testimony was not *crucial* to the defense. In fact, it is clear from the record that the trial court considered the cumulative nature of the testimony to be offered prior to excluding testimony. As noted above, Flores and his mother testified regarding his literacy. Further, the trial court allowed Flores' sister to testify as to the threats she had received despite the Rule violation. Because the second prong of the *Webb* test is not met, Flores' third and fourth points are overruled.

The judgment of the trial court is affirmed.