Opinion issued November 7, 2002





 



 




In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00627-CR






GERARDO RAY MORIN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 37108 






O P I N I O N 

 A jury convicted appellant, Gerardo Ray Morin, of one count of aggravated
sexual assault of a child and one count of sexual abuse of a child. Both complainants
were appellant's step-daughters. Appellant pled true to the indictment's enhancement
paragraph, and the jury assessed his punishment at 55 years' confinement on each
count. In a single point of error on appeal, appellant asserts the trial court abused its
discretion when it disqualified his wife as a witness for violation of the exclusionary
rule. We affirm.

FACTUAL AND PROCEDURAL HISTORY


 At the beginning of trial, appellant's wife, Roxanne Morin ("Roxanne"), was
sitting with appellant at the counsel table in the courtroom. At the State's request, 
the trial court instructed Roxanne to "move behind the railing." After the State's
opening argument, the State's witnesses were sworn by the court clerk. Appellant's
counsel stated that his witnesses were not present but were "on standby." Although
she was present, Roxanne was not sworn as a witness. 

 The trial court instructed the witnesses who were sworn as follows:

 "The Rule (1) has been invoked in this case, which means, among other
things, you have to sit outside while the case is going on. You cannot
be present in the courtroom except when you're called upon to testify or
until you're discharged from the case. . . ." 


 The State's first witness, complainant Roseanna Morin ("Roseanna"), testified
that her mother and appellant had been divorced for one or two years at the time of
trial. Roseanna testified that during the 1996 Christmas holiday, when her mother
and appellant were separated, her mother dropped her off at appellant's house. 
Roxanne, who was not yet married to appellant, was also there. 

 Roseanna testified that Roxanne left for El Campo the day after she, Roseanna,
arrived at appellant's house. That night, while Roxanne was still away, Roseanna
testified that appellant drove her to a back road and had sexual intercourse with her;
she was 13 years old at that time. When Roseanna awoke the next morning, Roxanne
had returned. Roxanne drove Roseanna home later that day.

 The second witness, complainant Rebecca Morin ("Rebecca"), Roseanna's
sister, testified that she visited appellant on weekends while appellant and her mother
were separated. She testified that during one of these visits in the fall of 1996,
appellant asked her to perform oral sex on him, and she complied. Rebecca was 14
years old at the time.

 During the defense's case-in-chief, appellant's counsel called Roxanne to
testify. The State objected that the Rule had been violated because Roxanne had been
present in the courtroom during the testimony of at least some of the State's
witnesses. During an evidentiary hearing outside the jury's presence, appellant's
counsel elicited from Roxanne what her testimony would be if she was permitted to
testify.

 Roxanne's proffered testimony set out the defense of alibi for appellant on the
indictment's first count, contradicting Roseanna's testimony that she was left alone
with appellant when Roxanne went to El Campo. Roxanne testified that during
Roseanna's 1996 Christmas visit, Roseanna accompanied her to El Campo to visit
Roxanne's grandmother. Roxanne further testified that during that time, she and
appellant had only one car, which she drove to El Campo; that she dropped appellant
off at work before the trip and picked him up from work later that day; that she and
Roseanna were always together; and that Roseanna was never alone with appellant.

 Roxanne testified that she was in the courtroom during Roseanna's testimony,
but not during Rebecca's. The State argued that, by hearing Roseanna's testimony,
Roxanne was able to tailor her testimony to support appellant's defense of alibi to
count one of the indictment.

 Appellant's counsel stated: "[T]he other thing, Judge, is when I requested that
[Roxanne] sit here with me because she is his wife, the court instructed me to put her
behind the bench [sic] and normally during the procedures in the trial the wife is
permitted to stay right next to her husband even if she testifies." At the conclusion
of the hearing, the trial court stated it would allow appellant to call his other
witnesses and would rule before the defense rested on whether Roxanne could testify. 

 The defense called Cecilia Canales ("Cecilia"), Roxanne's grandmother, who
testified that, during the 1996 Christmas holiday, Roxanne visited her at her home in
El Campo and brought along with her a child named either "Roseanna" or "Roxanna,"
who met Cecilia's son at that time.

 Elroy Canales ("Elroy"), Cecilia's son, testified that, at his mother's house in
El Campo during the 1996 Christmas holidays, he met a girl who was introduced to
him as appellant's stepdaughter; that he thought the girl's name was "Rosa"; and that
before trial, he learned her name was actually Roseanna.

 Following Elroy's testimony, the trial court heard additional argument outside
the jury's presence as to whether Roxanne should be allowed to testify. The trial
court stated its recollection that after the jury was selected, defense counsel
introduced Roxanne to the courtroom, that Roxanne was inside the railing, sitting
behind the counsel table; that the State objected to her being there, and the trial court
instructed her to be seated in the gallery. The trial court further recalled asking
counsel for both parties whether they had witnesses present to be sworn. Although
Roxanne was present in the courtroom, she did not take the oath and was not under
"the Rule" when she heard Roseanna's testimony. Based on this stated recollection,
the trial court sustained the State's objection and excluded Roxanne's testimony.

 Appellant's counsel then made a bill of exceptions consisting of Roxanne's
testimony, which was consistent with her testimony at the earlier hearing.

 Following a recess, appellant's counsel again asked the trial court to hear
argument regarding the State's objection that the Rule had been violated. The
following exchange then occurred between appellant's counsel and the trial court:

 [Appellant's counsel]: [W]hile I was researching this matter I tried to
review the--the events as they occurred and what I remember, Your
Honor, was this: That I had requested, I believe, that Mr. Morin's wife
could sit with him and then she was asked to be behind the railing, Your
Honor, I think, and the next thing that I remember, Your Honor, was that
the witnesses were brought in, the State's witnesses and I particularly
remember, Your Honor, that one of the witnesses was crying and that
seemed--I focused my attention on that because if I remember right, that
she came to testify and I got up and put the box of Kleenexes--


 THE COURT: Well, what's that got to do with the fact of what you're
arguing now?


 [Appellant's counsel]: I didn't realize, Judge, in my--that if she had
stayed in here there would be--


 THE COURT: [Y]ou've just admitted to me that you knew she stayed
in here.


 [Appellant's counsel]: Judge, but--


 THE COURT: You knew she was in here.


 [Appellant's counsel]: --but my attention was taken away.

(Emphasis added.)

 The trial court again sustained the State's objection.

 On appeal, appellant contends that the trial court abused its discretion in
disqualifying Roxanne from testifying.

DISCUSSION

Standard of Review

 Rule of Evidence 614 governs the exclusion of witnesses: "At the request of
a party the court shall order witnesses excluded so that they cannot hear the testimony
of the other witnesses, and it may make the order on its own motion." Tex. R. Evid.
614 (formerly Tex. R. Crim. Evid. 613). Once invoked, witnesses should not be
allowed to hear any testimony in the case or talk to any other person about the case
without the court's permission. Tex. Code. Crim. Proc. Ann. arts. 36.05, 36.06
(Vernon 1981). The parties do not dispute that Roxanne's presence in the courtroom
during Roseanna's testimony violated the Rule.

 The disqualification of a defense witness must be considered in the context of
the accused's constitutional right to call witnesses on his behalf. Davis v. State, 872
S.W.2d 743, 745 (Tex. Crim. App. 1994); Webb v. State, 766 S.W.2d 236, 240 (Tex.
Crim. App. 1989); Lopez v. State, 960 S.W.2d 948, 953 (Tex. App. Houston [1st
Dist.] 1998, pet. ref'd). An accused has the right to call and have his witness testify
and, generally, a defense witness should not be excluded solely for violation of the
Rule. Lopez, 908 S.W.2d at 953.

 The admissibility of the testimony of witnesses who have not been placed
under the Rule is left to the discretion of the trial court. Id. We will assume such
discretion was properly exercised unless abuse is evident. Id. A trial court abuses its
discretion if its ruling is outside the zone of reasonable disagreement. Id; see
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

 In reviewing the exclusion of a witness for violating the Rule, an appellate
court must determine: (1) if there were particular circumstances, other then the mere
violation of the Rule, tending to show that the defendant or his counsel consented to,
procured or otherwise had knowledge of the witness's presence in the courtroom,
together with knowledge of the content of that witness's testimony; and (2) if no
particular circumstances were found to justify disqualification, whether the excluded
testimony was crucial to the defense. Webb, 766 S.W.2d at 245; Davis v. State, 872
S.W.2d 743, 746. Appellant has the burden of establishing both prongs. Webb, 766
S.W.2d at 246; Lopez, 960 S.W.2d at 953.

Analysis Under the Webb Test

 With regard to the first prong, the record reflects that defense counsel knew
Roxanne remained in the courtroom after the State invoked the Rule. At the hearing
on the admissibility of Roxanne's testimony, defense counsel argued that Roxanne
remained in the courtroom because he thought that she, as appellant's wife, was
entitled to remain during the testimony of other witnesses. As the trial court pointed
out, defense counsel's statements amounted to an admission that he knew Roxanne
had remained in the courtroom after the Rule was invoked.

 The record also shows that, as to count one, the defense called Roxanne as the
first of three alibi witnesses in appellant's case-in-chief, not as a rebuttal witness. 
From her testimony elicited during the hearing on the State's objection, it is apparent
that the primary purpose of Roxanne's testimony was to support appellant's alibi
defense that Roseanna was with her at the time of the alleged sexual assault, and
could not have been with appellant.

 Thus, the record shows, and our determination is, that defense counsel (1)
knew of Roxanne's presence in the courtroom when the Rule was invoked, and (2)
knew the content of Roxanne's proposed testimony. 

 Appellant therefore failed to meet his burden with regard to the first prong of
the Webb test. Accordingly, we need not determine whether, under Webb's second
prong, the testimony was crucial (2) to appellant's defense.

Alternative Sanctions

 On appeal, appellant contends the trial court should have considered alternative
sanctions. In determining whether to disqualify a witness for violating the Rule, the
trial court must balance the interests of the State and the accused, consider alternative
sanctions, and consider disqualification in light of the nature and weight of the
testimony to be offered. Davis, 872 S.W.2d at 745.

 Before sustaining the State's objection the trial court stated:


 [I]t seems to me it is even more egregious because she was a person who
was a spectator, an interested party who sits in the courtroom and listens
to the testimony of a witness; she actually heard the testimony of the
witness, Roseanna Morin and based upon what she testified to, she,
being the wife of the defendant, her testimony would contradict the
testimony of the witness, Roseanna Morin.


 Thus, it is apparent that the trial court considered the nature and weight of the
testimony to be offered, based its decision to exclude upon the egregiousness of the
violation, and concluded that the appropriate sanction was to disqualify Roxanne
from testifying.

Purposes of the Rule

 The exclusionary rule serves two purposes: (1) it prevents witnesses from 
consciously or unconsciously tailoring their testimony to fit that of other witnesses,
and (2) in the case of witnesses testifying for the same side, it enhances the jury's
ability to detect falsehood by exposing inconsistencies in their testimony. Lopez, 960
S.W.2d at 953. At trial, the State argued that Roxanne was able to tailor her
testimony to a specific time frame after hearing Roseanna's testimony. Appellant
contends that this argument has no merit because the date of the offense was stated
in the indictment. Appellant states that if Roxanne "tailored" her testimony to fit a
specific time frame, she could have done so after reading the indictment. However,
Roxanne's testimony contradicted details of Roseanna's testimony that went beyond
the mere time frame involved. Thus, the purpose of the Rule was implicated here.

 We hold the trial court did not abuse its discretion in disqualifying Roxanne
from testifying.

 We overrule appellant's sole point of error.

CONCLUSION

 We affirm the trial court's judgment.





 Lee Duggan, Jr. (3)

 Justice


Panel consists of Justices Hedges, Keyes, and Duggan. 


Do not publish. Tex. R. App. P. 47.
1. "The Rule" refers to Rule of Evidence 614, which provides for the
exclusion of witnesses from the courtroom while another witness is
testifying. See Tex. R. Evid. 614; see also Tex. Code. Crim. Proc.
Ann. art. 36.06 (Vernon 1981).
2. Excluded testimony is not considered crucial if it can be supplied by
witnesses other than the excluded witness. Cooper v. State, 578 S.W.2d
401, 403 (Tex. Crim. App. 1979); Flores v. State, 915 S.W.2d 651, 653
(Tex. App.--Houston [14th Dist.] 1996, pet. ref'd).

 

 The trial court heard testimony on both prongs of the Webb Test before
ruling on the State's motion to exclude Roxanne's testimony. As stated
earlier, the trial court deferred its ruling excluding Roxanne's testimony
until after appellant presented alibi testimony of Roxanne's
grandmother, Cecilia Canales, and Cecilia's son, Elroy Canales. 
Roxanne's testimony would therefore have been cumulative to that of
Cecilia Canales and Elroy Canales.


 In any event, the exclusion of Roxanne's alibi testimony as to count one,
the alleged aggravated sexual assault on Roseanna at Christmas 1996,
had no relevance to count two, the alleged earlier sexual assault of
Rebecca in the fall of 1996.
3. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.