Reginald Wayne TAYLOR, Appellant

v.

The STATE of Texas, Appellee.

No. 06–05–00022–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 6, 2005.

Decided Sept. 8, 2005.

Staci Dian Biggar, Guerrero & Biggar LLP, Houston, for appellant.

Shirley Cornelius, Assistant District Attorney, Houston, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Reginald Wayne Taylor was convicted by a jury for the offense of sexual assault of a child.[1] Taylor pled "true" to the enhancement allegation that he had once before been convicted of the felony offense of robbery. The trial court assessed his punishment in accordance with the parties' agreement at thirty-five years' imprisonment and sentenced him accordingly.

Taylor appeals, contending the trial court erred: 1) in disallowing the testimony of a witness; and 2) in giving an *Allen* charge[2] to the jury. We affirm.

The sufficiency of the evidence is not challenged. Briefly, the victim, T.G., fifteen years old at the time of the offense, testified that, during the early morning hours of November 21, 2003, Taylor took her to a motel room where he removed her shorts and underwear and put his mouth on her vagina. Immediately after this assault, Taylor told T.G. that, if anybody ever found out about it, she had "better deny it to the end." Taylor was thirty-three years old at the time of this offense.

Taylor first complains of the trial court's action in disallowing the testimony of his father, Henry Roy. Henry's[3] testimony was excluded because it would have been in violation of the Rule.[4]

■ T.G. testified she and her mother confronted Taylor and his family about the alleged sexual assault. She said she (T.G.) spoke to Henry alone and told him the incident did happen. Taylor now claims this testimony was unexpected, and because he did not anticipate that testimony, he had not intended to call Henry as a witness. Taylor maintained that no such private conversation took place between T.G. and Henry, and wanted the opportunity to rebut her testimony by offering the testimony of Henry, who had been sitting in the courtroom throughout the trial. The trial court excluded the rebuttal testimony because the Rule was invoked at the beginning of trial and the State objected to the testimony.

---

1. TEX. PEN.CODE ANN. § 22.011(a)(2)(C) (Vernon Supp.2004–2005).

2. *Allen v. United States*, 164 U.S. 492, 501–02, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

3. First names are used in this opinion where more than one person has the same last name.

4. TEX.R. EVID. 614.

Disqualification of a defense witness for such witness' violation of the Rule must be viewed in light of the defendant's constitutional right to call witnesses on his or her behalf. *Davis v. State*, 872 S.W.2d 743, 745 (Tex.Crim.App.1994). Generally, a defense witness should not be excluded solely for violation of the Rule. *Lopez v. State*, 960 S.W.2d 948, 953 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd). The trial court's decision to exclude a witness' testimony is reviewed under the abuse of discretion standard. *See id.* A trial court abuses its discretion if its ruling is outside the zone of reasonable disagreement. *Id.* The test for determining if a court properly exercised its discretion in excluding testimony in this context is: 1) whether the "particular and extraordinary circumstances" show the defendant or his or her counsel consented, procured, connived, or had knowledge of a witness or potential witness who is in violation of the sequestration rule, and 2) if no particular circumstances exist to justify disqualification, was the testimony of the witness crucial to the defense. *Id.* (citing *Webb v. State*, 766 S.W.2d 236, 245 (Tex.Crim.App.1989)). The appellant has the burden of establishing both prongs. *Id.*

Taylor contends Henry's testimony was crucial because the trial centered around T.G.'s credibility and Henry could have directly controverted one of her claims. However, excluded testimony is not considered crucial if it can be supplied by witnesses other than the excluded witness. *See Cooper v. State*, 578 S.W.2d 401, 403 (Tex.Crim.App. [Panel Op.] 1979), *overruled in part on other grounds, Bates v. State*, 587 S.W.2d 121, 143 (Tex.Crim. App.1979); *Flores v. State*, 915 S.W.2d 651, 653 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd).

The confrontation between T.G. and her mother and Taylor and his family was confirmed by Gladie Roy, Taylor's mother. Gladie's testimony was apparently anticipated by Taylor, and she was placed under the Rule. Gladie testified that she, Henry, and Taylor were all present during the confrontation by T.G. and her mother. Gladie further testified she asked T.G. whether the allegations she was making against Taylor were true, and T.G. replied, "I'm not sure." It was therefore clear to Taylor that the conversations between the various participants in this confrontation were important. He could have reasonably expected to call Henry to testify regarding some aspect of that confrontation, particularly, who was conversing with whom, which would necessarily include a private conversation between Henry and T.G., or the lack of a private conversation between them. Taylor, having knowledge of Henry's presence in the courtroom and the context of his potential testimony, fails to meet the first prong of the *Webb* test.

Taylor also fails to meet the second prong because the excluded testimony was not crucial to his defense. There were obviously other participants in the confrontation who could have addressed the issue of whether T.G. and Henry spoke together in private. While the other witnesses could not have testified concerning what was said during a private conversation between T.G. and Henry, if any such conversation occurred, they could have testified as to whether a private conversation took place at all, which is what Henry denied in Taylor's proffer of his testimony. The ultimate issue Taylor sought to prove with Henry's testimony, that no private conversation occurred between T.G. and Henry, could easily have been proven by Gladie's testimony. Her testimony centered around the confrontation where the private conversation was alleged to have occurred. Taylor, however, chose not to ask Gladie about this matter when he called her to

testify. Because other witnesses could have testified to the facts Taylor offered through the proffered testimony of Henry, that proffered testimony was not crucial. Taylor's first point of error is overruled.

In his second point of error, Taylor complains that

The trial court erred in giving an "Allen" charge to the jury after the jurors sent out multiple notes indicating that one of the members of the jury knew the child complainant personally, that the jury was divided 11 guilty to 1 not guilty, that the person voting "not guilty" has a personal attachment with the neighborhood and one of the witnesses, and that the juror would not [sic] longer deliberate with the majority of the jury.

November 18, 2004

11:44 a.m.  jury deliberations began
12:30 p.m.  jury excused for lunch
1:30 p.m.  jury deliberations resumed
3:38 p.m.  first note asking for guidance because the jury was split eight-to-four for guilty; jury instructed to continue its deliberations
4:20 p.m.  second note stating that the jury was broken 10–2 for guilty and that "one of the jurors knows Christy McDonald and at least one of the other children that was in front of the courtroom yesterday"; [5] jury instructed to follow the written instructions and continue its deliberations
5:30 p.m.  third note stating the jury was split 11–1 for guilty; no response given and jury excused for the day

November 19, 2004

9:05 a.m.  jury deliberations resumed
10:12 a.m.  fourth note stating the jury was split 11–1 for guilty and that the one voting not guilty "has a personal attachment with the neighborhood and one of the witnesses" and that "the juror will no longer deliberate with the majority of the jury"
10:29 a.m.  *Allen* charge given, over Taylor's objections
11:55 a.m.  jury given short break at its request
12:15 p.m.  jury deliberations resumed
12:37 p.m.  jury returned unanimous verdict of guilty

As noted, the jury had deliberated ap-

An *Allen* charge is usually given in response to a specific request by the jury for additional guidance when the jury is deadlocked. *See West v. State,* 121 S.W.3d 95, 107 (Tex.App.-Fort Worth 2003, pet. ref'd). To prevail on a complaint that an *Allen* charge is coercive, an accused must show that jury coercion or misconduct likely occurred or occurred in fact. *Id.* An *Allen* charge is unduly coercive and therefore improper if it pressures jurors into reaching a particular verdict or improperly conveys the court's opinion of the case. *See Arrevalo v. State,* 489 S.W.2d 569, 571 (Tex.Crim.App.1973).

The following time line is helpful in understanding the progression of jury notes in this case:

---

**5.**  This is the only note naming a witness with whom a juror had personal knowledge. Christy McDonald, however, is not the "child complainant," but is a witness called by Taylor. The State asserts in a footnote in its brief before this Court that "the reference to 'one of the other children that was in front of the courtroom yesterday' does not refer to a witness in the case, but rather, to an otherwise unidentified person that juror saw in the hallway, who might or might not have been connected to the case in some manner."

proximately two hours and forty-five minutes before reporting it was split eight to four. Approximately one hour after being instructed to continue deliberating, the jury reported it was split ten to two. The court instructed the jury to continue deliberating. Approximately one hour later, the jury reported being split eleven to one. The trial court, noting the jury was "deliberating and discussing and minds [were] being changed," sent the jury home for the day without further instructions concerning its deliberations. The next day, the jury deliberated for little more than one hour and reported that it was still split eleven to one and that the one "will no longer deliberate." Only then did the trial court give the following instruction:

> If the jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the court to declare a mistrial and discharge the jury. The indictment will still be pending, and it is reasonable to assume that the case will be tried again before another jury at some future time. And such future jury will be empaneled in the same way this jury has been empaneled and will likely hear the same evidence which has been presented to the jury. The questions to be determined by that jury will be the same questions confronting you, and there is no reason to hope the next jury will find these questions any easier to decide than you have found them.
>
> With this additional instruction, you are requested to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury, if you can do so without doing violence to your conscience. Don't do violence to your conscience, but continue deliberating.

Approximately two hours after receiving this charge, the jury returned into court with its unanimous verdict. On Taylor's request, the jury was polled and each of the twelve jurors affirmed that the guilty verdict was his or her individual verdict. Under these facts, we do not believe the charge given was coercive.

Although not as neutral as the instruction approved by the Texas Court of Criminal Appeals in *Howard v. State*, 941 S.W.2d 102, 123–24 (Tex.Crim.App.1996), the *Allen* charge given in this case is similar to other instructions that have been reviewed and held to be noncoercive. *See Arrevalo*, 489 S.W.2d at 571–72; *West*, 121 S.W.3d at 109; *Willis v. State*, 761 S.W.2d 434, 437–38 (Tex.App.-Houston [14th Dist.] 1988, pet. ref'd). As in *West*, the charge given in the instant case does not contain the type of language courts have held to be coercive. *See, e.g., Green v. United States*, 309 F.2d 852, 855 (5th Cir.1962) (holding *Allen* charge coercive that told jury it is duty of minority to listen to argument of majority with some distrust of their own judgment because rule is that majority will have better judgment than mere minority). Although not as neutral as it could have been, the instruction in the instant case did not tell the jury that one side or the other possesses superior judgment, and did not tell the jurors to distrust their own judgment. It did tell the jurors twice not to do violence to their conscience.

Because the charge given was not coercive on its face, and because nothing shows it acted to coerce the jury, we hold that Taylor has not shown that jury coercion or misconduct likely occurred or occurred in fact. His second point of error is overruled.

We affirm the judgment.