ACCEPTED
06-14-00047-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/5/2015 6:04:52 PM
DEBBIE AUTREY
CLERK

Nos. 06-14-00046-CR/06-14-00047-CR
Trial Court Nos. 13F-1053-102/13F-1054-102

IN THE COURT OF APPEALS
FOR THE SIXTH SUPREME JUDICIAL DISTRICT
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/8/2015 3:56:00 PM
DEBBIE AUTREY
Clerk

**Leavelle Franklin,** *Appellant*

**v.**

**The State of Texas,** *State*

Appealed from the 102nd Judicial District Court
Bowie County, Texas



BRIEF FOR THE STATE
The State Does Not Request Oral Argument

**Respectfully submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501

By:    **Samantha J. Oglesby**
*Assistant Criminal District Attorney*
Bowie County, Texas
Texas Bar No. 24070362

**Attorneys for the State**

# In The Court of Appeals
## For the Sixth Supreme Judicial District
## At Texarkana, Texas

| | | |
|---|---|---|
| Leavelle Franklin, | § | |
| *Appellant* | § | |
| | § | Nos. 06-14-00046-CR |
| v. | § | 06-14-00047-CR |
| | § | |
| The State of Texas, | § | BRIEF FOR THE STATE |
| *State* | § | |
| | § | |

# Identity of the Parties

The following is a complete list of all the parties to the trial court's judgment as required by the provisions of Rule 38.2(a) of the Texas Rules of Appellate Procedure:

1.  Defendant and Appellant:

    **Leavelle Franklin**

2.  Attorney for Appellant at trial:

    **William Williams**
    Texas Bar No. 24072804
    **Chad Crowell**
    Texas Bar No. 24072808
    Bowie County Public Defender's Office
    424 West Broad Street
    Texarkana, Texas 75501

3.  Attorney for Appellant on appeal:

    **Jason Horton**
    Texas Bar No. 24041130
    P.O. Box 1596
    Texarkana, Texas 75504

i

4.  Appellee

    **State of Texas**

5.  Attorney for the State of Texas at trial and on appeal:

    **Samantha J. Oglesby**
    Assistant Criminal District Attorney
    Bowie County District Attorney's Office
    Texas Bar No. 24070362
    601 Main Street
    Texarkana, Texas 75501

6.  Attorney for the State of Texas at trial:

    **Kelley Crisp**
    Assistant Criminal District Attorney
    Bowie County District Attorney's Office
    Texas Bar No. 24062683
    601 Main Street
    Texarkana, Texas 75501

7.  Presiding Judge at trial:

    **The Honorable Bobby Lockhart**
    District Court Judge
    102nd Judicial District
    Bowie County, Texas
    Bi-State Justice Building
    100 North State Line Avenue
    Texarkana, Texas 75501

# Table of Contents

Identity of the Parties and Counsel................................................................i-ii

Table of Contents...........................................................................................iii

Index of Authorities...................................................................................iv-vi

Statement of the Case ..................................................................................... 1

Reply to Points of Error................................................................................. 2

Summary of the Argument .........................................................................3-5

Argument ..................................................................................................6-32

       Reply to Point of Error Number One ........................................6-16
Appellant has failed to preserve this issue for appellate review. However, the trial court did not err by allowing the introduction of statements made for the purpose of medical diagnosis or treatment. Furthermore, any error, if it was error, was harmless.

       Reply to Point of Error Number Two......................................16-21
The trial court did not err by overruling Appellant's motion to cross-examine the State's witnesses without fear of the State offering evidence of other acts of sexual abuse. Furthermore, any error, if it was error, was harmless.

       Reply to Point of Error Number Three....................................21-26
The trial court did not err by allowing the State's expert witness to remain in the courtroom during the testimony of the child victims. Furthermore, any error, if it was error, was harmless.

       Reply to Point of Error Number Four ......................................27-32
The trial court did not err by overruling Appellant's objection to the State's closing argument because the objected-to portion was a proper plea for law enforcement. Furthermore, if the trial court did error in overruling Appellant's objection, such error was harmless.

Prayer for Relief .......................................................................................... 33

Certificate of Compliance............................................................................ 34

Certificate of Service ................................................................................... 35

# Index of Authorities

**Cases**

*Adkins v. State*, No. 05-02-00680-CR, 2003 WL 21267195 (Tex. App. – Dallas June 3, 2002, pet. ref'd) ................................................................................................................. 7

*Allen v. State*, 436 S.W.3d 827 (Tex. App. – Texarkana 2014, no pet.) ........................... 24

*Ayala v. State*, 267 S.W.3d 428 (Tex. App. – Houston [14th Dist.] 2008, no pet.) ......28-29

*Beheler v. State*, 3 S.W.3d 182 (Tex. App. – Fort Worth 1999, pet. ref'd) ...................9-10

*Brandley v. State*, 691 S.W.2d 699 (Tex. Crim. App. 1985)............................................. 28

*Brasfield v. State*, 30 S.W.3d 502 (Tex. App. –Texarkana 2000, no pet.) .......................... 6

*Burns v. State*, 122 S.W.3d 434 (Tex. App. – Houston [1st Dist.] 2003, pet. ref'd)............ 9

*Cantu v. State*, 366 S.W.3d 771 (Tex. Crim. App. – Amarillo 2012, no pet.) .................. 17

*Cantu v. State*, 939 S.W.2d 627 (Tex. Crim. App. 1997), cert. denied, 522 U.S. 994 (1997).................................................................................................................................. 30

*Coble v. State*, 330 S.W.3d 253 (Tex. Crim. App. 2010).......................................14-15, 20

*Davis v. State*, 329 S.W.3d 798 (Tex. Crim. App. 2010) ................................................... 27

*De La Paz v. State*, 279 S.W.3d 336 (Tex. Crim. App. 2009) ............................... 8, 16, 18

*Denison v. State*, 651 S.W.2d 754 (Tex. Crim. App. 1996)............................................... 30

*Dixon v. State*, 2 S.W.3d 263 (Tex. Crim. App. 1999) ....................................................... 7

*Garcia v. State*, 126 S.W.3d 921 (Tex. Crim. App. 2004)................................................ 27

*Goff v. State*, 931 S.W.2d 537 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1171 (1997)................................................................................................................................... 6

*Guerra v. State*, 771 S.W.2d 452 (Tex. Crim. App. 1988) ..........................................21-22

*Guidry v. State*, 9 S.W.3d 133 (Tex. Crim. App. 1999).................................................... 28

*Howard v. State*, 153 S.W.3d 382 (Tex. Crim. App. 2004) .............................................. 31

*Ibarra v. State,* 11 S.W.3d 189 (Tex. Crim. App. 1999), *cert. denied*, 531 U.S. 828 (2000)6

*Johnson v. State*, 84 S.W.3d 726 (Tex. App. – Houston [1st Dist.] 2002, pet. ref'd).. 13, 19

*Johnson v. State*, 967 S.W.2d 410 (Tex. Crim. App. 1008)........................................ 13, 19

*Jones-Jackson v. State*, 443 S.W.3d 400 (Tex. App. – Eastland 2014, no pet.) ............... 16

*Klock v. State*, 177 S.W.3d 53 (Tex. App. – Houston [1st Dist.] 2005, pet. ref'd)............ 30

*Leday v. State*, 983 S.W.2d 713 (Tex. Crim. App. 1998) .................................................. 15

*Lewis v. State*, 486 S.W.2d 104 (Tex. Crim. App. 1972) .................................................. 23

*Linciciome v. State*, 3 S.W.3d 644 (Tex. App. – Amarillo 1999, no pet.) ........ 8, 16, 21, 27

*Longoria v. State*, 154 S.W.3d 747 (Tex. App. – Houston [14th Dist.] 2004, pet. ref'd).. 32

*Martin v. State*, 176 S.W.3d 887 (Tex. App. – Fort Worth 2005, no pet.)................... 13, 19

*Martinez v. State*, 327 S.W.3d 727 (Tex. Crim. App. 2010)................................................ 8

*Martinez v. State*, 867 S.W.2d 30 (Tex. Crim. App. 1993).......................................... 23-24

*Matz v. State*, 21 S.W.3d 911 (Tex. App. – Fort Worth 2000, pet. ref'd)................... 13, 19

*Mayes v. State*, 816 S.W.2d 79 (Tex. Crim. App. 1991)................................................... 15

*McFarland v. State*, 845 S.W.2d 824 (Tex. Crim. App. 1994) ......................................... 32

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990)......................................... 8

*Moore v. State*, 295 S.W.3d 329 (Tex. Crim. App. 2009).................................................... 6

*Moore v. State*, 882 S.W.2d 844 (Tex. Crim. App. 1994)............................................ 23-24

*Munoz v. State*, 288 S.W.3d 55 (Tex. App. – Houston [1st Dist.] 2009, no pet.) ............... 9

*Nzewi v. State*, 359 S.W.3d 829 (Tex. App. – Houston [14th Dist.] 2012, pet. ref'd) ....... 27

*Phelps v. State*, 999 S.W.2d 512 (Tex. App. – Easland 1999, pet. ref'd.) ........ 8, 16, 21, 27

*Puderbaugh v. State*, 31 S.W.3d 683 (Tex. App. – Beaumont 2000, pet. ref'd) ................ 9

*Reynolds v. State*, 227 S.W.3d 355 (Tex. App. – Texarkana 2007, no pet) ...................... 17

*Robbins v. State*, 88 S.W.3d 256 (Tex. Crim. App. 2002) .................................................. 8

*Robinson v. State*, 35 S.W.3d 257 (Tex. App. – Texarkana 2000, pet. ref'd)..................... 8

*Rogers v. State*, 640 S.W.2d 248 (Tex. Crim. App. 1982) .................................................. 6

*Russell v. State*, 155 S.W.3d 176 (Tex. Crim. App. 2005)........................................... 24-25

*Schutz v. State*, 957 S.W.2d 52 (Tex. Crim. App. – 1997)............................................... 17

*Taylor v. State*, 173 S.W.3d 851 (Tex. App. – Texarkana 2005, no pet.) ........................ 21

*Taylor v. State*, 268 S.W.3d 571 (Tex. Crim. App. 2008).............................................9-12

*Thomas v. State*, 03-11-00254-CR, 2013 WL 4516168 (Tex. App. – Austin August 23, 2013, no pet) .......................................................................................................................... 12

*Todd v. State*, 598 S.W.2d 286 (Tex. Crim. App. 1980) ................................................... 30

*Torres v. State*, 92 S.W.3d 911 (Tex. App. – Houston [14th Dist.] 2002, pet. ref'd) ........ 29

*Tuckness v. State*, Nos. 07-12-00235-CR, 07-12-00236-CR, 2013 WL 6255702 (Tex. App. – Amarillo November 21, 2013, pet. filed) ............................................................. 7

*Turner v. State*, 443 S.W.3d 328 (Tex. App. – Houston [1st Dist.] 2014, pet. ref'd) ........ 16

*Walker v. State*, 2 S.W.3d 655 (Tex. App. – Houston [14th Dist.] 1999, no pet.) ............. 22

*Weatherred v. State*, 15 S.W.3d 540 (Tex. Crim. App. 2000) .......................... 8, 16, 22, 27

*Wesbrook v. State*, 20 S.W.3d 103 (Tex. Crim. App. 2000) ............................................. 30

*Wheeler v. State*, 67 S.W.3d 870 (Tex. Crim. App. 2002) ................................. 8, 16, 22, 27

*Wilder v. State*, 111 S.W.3d 249 (Tex. App. – Texarkana 2003, pet. ref'd) ....................... 8

*Wright v. State*, 154 S.w.3d 235 (Tex. App. – Texarkana 2005, pet. ref'd) ........................ 9

**Constitutions/Statutes/Rules**

Tex. Code Crim. Pro. Art. 38.37 .................................................................................18-19

Tex. R. App. P. 33.1 ........................................................................................................6-7

Tex. R. App. P. 44.2....................................................................................13, 19, 24, 30

Tex. R. Evid 703.............................................................................................................. 23

Tex. R. Evid. 614.........................................................................................................22-24

Tex. R. Evid. 801 .............................................................................................................. 9

Tex. R. Evid. 802.............................................................................................................. 9

Tex. R. Evid. 803............................................................................................7, 9-11, 13

## Statement of the Case

Leavelle Franklin, hereinafter referred to as "Appellant," was convicted by a jury of the felony offenses of Aggravated Sexual Assault of a Child (6 Counts) in the 102nd Judicial District Court of Bowie County, Texas, the Honorable Bobby Lockhart presiding.

The jury assessed Appellant's punishment at confinement for Life in the Institutional Division of the Texas Department of Criminal Justice on each of the six counts, and the Judge sentenced Appellant accordingly. Each count is to run consecutively.

Appellant then perfected appeal to this Honorable Court. He now appeals the judgment of the trial court on four points of error.

# Reply to Points of Error

## REPLY TO POINT OF ERROR NUMBER ONE:

Appellant has failed to preserve this issue for appellate review. However, the trial court did not err by allowing the introduction of statements made for the purpose of medical diagnosis or treatment. Furthermore, any error, if it was error, was harmless.

## REPLY TO POINT OF ERROR NUMBER TWO:

The trial court did not err by overruling Appellant's motion to cross-examine the State's witnesses without fear of the State offering evidence of other acts of sexual abuse. Furthermore, any error, if it was error, was harmless.

## REPLY TO POINT OF ERROR NUMBER THREE:

The trial court did not err by allowing the State's expert witness to remain in the courtroom during the testimony of the child victims. Furthermore, any error, if it was error, was harmless.

## REPLY TO POINT OF ERROR NUMBER FOUR:

The trial court did not err by overruling Appellant's objection to the State's closing argument because the objected-to portion was a proper plea for law enforcement. Furthermore, if the trial court did error in overruling Appellant's objection, such error was harmless.

# Summary of the Argument

REPLY TO POINT OF ERROR NUMBER ONE:

*Appellant has failed to preserve this issue for appellate review. However, the trial court did not err by allowing the introduction of statements made for the purpose of medical diagnosis or treatment. Furthermore, any error, if it was error, was harmless.*

Appellant failed to preserve this issue for appellate review because the objection at trial does not comport with the issue raised on appeal. However, the trial court did not abuse its discretion by allowing introduction of the sexual assault nurse examiner (SANE) reports. The reports were properly admitted as statements for medical diagnosis or treatment. Furthermore, any error in admitting this evidence was harmless. In light of the substantial evidence of Appellant's guilt and the unobjected-to admission of similar evidence, this Court has fair assurance that the admission of the SANE reports, if error, did not have a substantial and injurious effect or influence in determining the jury's verdict.

REPLY TO POINT OF ERROR NUMBER TWO:

*The trial court did not err by overruling Appellant's motion to cross-examine the State's witnesses without fear of the State offering evidence of other acts of sexual abuse. Furthermore, any error, if it was error, was harmless.*

The trial court did not abuse its discretion by overruling Appellant's motion to cross-examine the State's witnesses without fear of the State offering extraneous offense evidence. The State's witness did not "open the door" by impermissibly commenting on the child victims' credibility. Additionally, the State could have offered evidence of

3

Appellant having committed extraneous acts of sexual assault regardless of Appellant's defense under the recent amendments to Article 38.37 of the Texas Code of Criminal Procedure. Furthermore, any error the trial court's ruling, if it was error, was harmless. Considering that Appellant was not prevented from cross-examining the State's witnesses regarding the child victims' inconsistent statements, this Court has fair assurance that the trial court's ruling, if error, did not have a substantial and injurious effect or influence in determining the jury's verdict. Accordingly, the error, if any, is harmless error.

REPLY TO POINT OF ERROR NUMBER THREE:

*The trial court did not err by allowing the State's expert witness to remain in the courtroom during the testimony of the child victims. Furthermore, any error, if it was error, was harmless.*

The trial court did not abuse its discretion by allowing the State's expert to remain in the courtroom during the testimony of the child victims because her expert opinion was to be based on the victims' testimonies. Furthermore, any error in allowing the State's expert to be exempt from the witness sequestration rule was harmless. The State's expert neither corroborated the testimony of the child victims nor was the expert's testimony influenced by hearing the testimony of other witnesses. This Court has fair assurance that the trial court's ruling, if error, did not have a substantial and injurious effect or influence in determining the jury's verdict. Accordingly, the error, if any, is harmless error.

4

*The trial court did not err by overruling Appellant's objection to the State's closing argument because the objected-to portion was a proper plea for law enforcement. Furthermore, if the trial court did error in overruling Appellant's objection, such error was harmless.*

The trial court did not abuse its discretion by overruling Appellant's objection to the State's closing argument requesting the jury to "go back there and fight for those little girls." The State's argument was a proper plea for law enforcement. Furthermore, any error in the trial court's ruling was harmless because similar arguments were made by the State without objection. This Court has fair assurance that trial court's ruling, if error, did not have a substantial and injurious effect or influence in determining the jury's verdict. Accordingly, the error, if any, is harmless error.

# Argument

# <u>Reply to Point of Error Number One</u>

*Appellant has failed to preserve this issue for appellate review.  However, the trial court did not err by allowing the introduction of statements made for the purpose of medical diagnosis or treatment.  Furthermore, any error, if it was error, was harmless.*

## Argument and Authorities

### A. Preservation of Error

To properly preserve error with regard to evidence for appellate review, a defendant must have made a timely request, objection, or motion, with sufficient specificity to make the trial court aware of the nature of the complaint and secure a ruling.[1]  As a general rule, appellate courts will not consider any error which counsel for the accused could have called, but did not call, to the attention of the trial court at the time when such error could have been avoided or corrected by the trial court.[2]  Furthermore, the objection raised on appeal must be the same as the objection raised at trial.[3]  Where a trial objection does not comport with the issue raised on appeal, error is not preserved for review and is waived.[4]

Appellant's objection at trial does not comport with the issue raised on appeal.  A hearsay objection does not preserve an appellate complaint that evidence should not have

---

[1] Tex. R. App. P. 33.1(a); *Moore v. State*, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009).

[2] *Rogers v. State*, 640 S.W.2d 248, 264 (Tex. Crim. App. 1982).

[3] *Ibarra v. State,* 11 S.W.3d 189, 197 (Tex. Crim. App. 1999), *cert. denied*, 531 U.S. 828 (2000); *Brasfield v. State*, 30 S.W.3d 502, 505 (Tex. App. –Texarkana 2000, no pet.).

[4] *Ibarra*, 11 S.W.3d at 197; *Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1171 (1997); *Brasfield*, 30 S.W.3d at 505.

been admitted for lack of proper foundation.[5]  In an unpublished opinion, the Amarillo Court of Appeals held that a trial objection to a statement made for medical diagnosis or treatment did not comport with the issue presented on appeal.[6]  At trial, defense counsel objected that the statement was made simply as part of a forensic gathering of evidence but argued on appeal that there was no evidence that the declarant understood the necessity to speak the truth.[7]   Similarly in this case, Appellant's trial counsel objected on the basis of hearsay and argued that the SANE reports are not business records because they were created for the purpose of litigation.  (R.R. Vol. VI, p. 127).  Trial counsel proffered additional arguments that the SANE reports were an attempt by the State to bolster the victims' statements and the evidence would be confusing to the jury.  (R.R. Vol. VI, p. 127).   At no time did Appellant's trial counsel object or argue that the State had failed to lay the proper foundation under Rule 803(4) of the Texas Rules of Evidence.  Appellant now claims for the first time on appeal that Lach's testimony lacked sufficient indicia of reliability because the State failed to establish that the child declarant's knew the importance of truth-telling.   Given that Appellant's trial objection does not comport with the issue he how asserts on appeal, any error is waived.

## B.  Standard of Review

---

[5] See *Adkins v. State*, No. 05-02-00680-CR, 2003 WL 21267195, at *2 (Tex. App. – Dallas June 3, 2002, pet. ref'd) (mem. op, not designed for publication) (objection at trial that proper predicate had not been met to admit evidence did not preserve appellate complaint that evidence was hearsay).

[6] *Tuckness v. State*, Nos. 07-12-00235-CR, 07-12-00236-CR, 2013 WL 6255702, at *4 (Tex. App. – Amarillo November 21, 2013, pet. filed) (not designed for publication) (citing Tex. R. App. P. 33.1(a)(1)(A); *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999)).

[7] *Tuckness*, 2013 WL 6255702 at *4.

The trial court has wide discretion in deciding whether to admit or exclude evidence.[8]   When considering whether a trial court's decision to admit or exclude evidence is error, an appellate court must determine whether the trial court abused that discretion.[9]  This inquiry depends on the facts of each case.[10]

When reviewing a trial court's decision to admit or exclude evidence, an appellate court must afford great deference to the trial court's balancing determination and should reverse a trial court "rarely and only after a clear abuse of discretion."[11]  An abuse of discretion occurs only when the trial court acts arbitrarily or unreasonably without reference to any guiding rules or principles.[12]  Even if the reviewing court might have reached a different result, the court must uphold the trial court's decision to admit or exclude evidence if it was within the "zone of reasonable disagreement."[13]  A trial court's evidentiary ruling must be upheld if it was correct under any theory of law applicable to the case.[14]

## C.  Application of Law to Facts

Hearsay – a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted – is generally

---

[8] *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990); *Wilder v. State*, 111 S.W.3d 249, 255 (Tex. App. – Texarkana 2003, pet. ref'd).
[9] *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Robinson v. State*, 35 S.W.3d 257, 263 (Tex. App. – Texarkana 2000, pet. ref'd).
[10] *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).
[11] *Robbins v. State*, 88 S.W.3d 256, 262 (Tex. Crim. App. 2002).
[12] *Linciciome v. State*, 3 S.W.3d 644, 646 (Tex. App. – Amarillo 1999, no pet.); *Phelps v. State*, 999 S.W.2d 512, 519 (Tex. App. – Easland 1999, pet. ref'd.).
[13] *Wheeler v. State*, 67 S.W.3d 870, 888 (Tex. Crim. App. 2002); *Weatherred*, 15 S.W.3d at 542.
[14] *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

inadmissible at trial.[15]    However, "[s]tatements made for the purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" are admissible as an exception to the hearsay rule.[16]    This exception has been interpreted to include statements by victims of child abuse as to the source of their injuries.[17]

Rule 803(4) is premised on the declarant's desire to receive an appropriate medical diagnosis or treatment, and the assumption that the declarant appreciates that the effectiveness of the diagnosis or treatment may depend on the accuracy of the information provided.[18]    The proponent of the evidence must show that: 1) the out-of-court-declarant was aware that the statements were made for the purpose of medical diagnosis or treatment and that proper diagnosis or treatment depends on the veracity of such statements; and 2) the particular statement proffered is pertinent to diagnosis or treatment.[19]    The witness need not expressly state that the hearsay declarant recognized the need to be truthful in her statements for the medical treatment exception to apply.[20] Instead, the reviewing court must determine whether the record supports a conclusion

---

[15] Tex. R. Evid. 801(d), 802.
[16] Tex. R. Evid. 803(4).
[17] See *Puderbaugh v. State*, 31 S.W.3d 683, 685 (Tex. App. – Beaumont 2000, pet. ref'd); *Beheler v. State*, 3 S.W.3d 182, 189 (Tex. App. – Fort Worth 1999, pet. ref'd).
[18] *Burns v. State*, 122 S.W.3d 434, 438 (Tex. App. – Houston [1st Dist.] 2003, pet. ref'd).
[19] *Taylor v. State*, 268 S.W.3d 571, 589-91 (Tex. Crim. App. 2008).
[20] *Munoz v. State*, 288 S.W.3d 55, 58 (Tex. App. – Houston [1st Dist.] 2009, no pet.) (citing *Wright v. State*, 154 S.w.3d 235, 241 (Tex. App. – Texarkana 2005, pet. ref'd).

9

that the declarant understood the importance of honesty in the context of medical diagnosis or treatment.[21]

In the present case, the State offered the reports of Kathy Lach, a sexual assault nurse examiner (SANE). The reports contained the findings of the SANE examinations performed on each of the child victims and a statement concerning the acts of sexual abuse. The trial court admitted the SANE reports as statements for medical diagnosis or treatment over defense counsel's hearsay objection. (R.R. Vol. VI, p. 127). Appellant now claims on appeal that the statements of the child victims contained in the SANE reports should have been excluded as hearsay because they are not subject to Rule 803(4) of the Texas Rules of Evidence. Specifically, Appellant contends that the record does not support a conclusion that the child victims recognized the importance of honesty during their examinations.

Appellant relies on *Taylor v. State* for the proposition that Rule 803(4) requires evidence that a healthcare provider first informed the declarant that a proper diagnosis depends on the veracity of their statements. In *Taylor*, the Court of Criminal Appeals recognized that:

> [r]eclining on a therapist's or psychiatrist's couch is not quite the same as sitting in the emergency room in the immediate aftermath of an injury or on the physician's cold examination table in the interest of diagnosing and curing some exigent disease or ailment. In the latter context, it seems only natural to presume that adults, and even children of a sufficient age or apparent maturity, will have an implicit awareness that the doctor's questions are designed to elicit accurate information and that veracity will serve their best interest. This explains the almost universal tendency of courts under these circumstances to assay the record, not for evidence of

---

[21] *Beheler*, 3 S.W.3d at 188-89.

10

such an awareness, but for any evidence that would *negate* such an awareness, even while recognizing that the burden is on the proponent of the hearsay to show that the Rule 803(4) exception applies.[22]

The Court opined that this presumption is less compelling in the mental-health context because it is not always so readily apparent that truth-telling is vital.[23] In cases in which the statement was made in the course of counseling or therapy, the Court held that the proponent of the hearsay exception is required to show both 1) that truth-telling was a vital component of the particular course of therapy or treatment involved, and 2) that it is readily apparent that the child-declarant was aware that this was the case.[24] At no point did the Court indicate that these additional requirements apply outside the mental-health context.

Appellant contends that statements made during the course of a SANE examination are analogous to statements made in the mental-health context and, therefore, require additional proof that the child-declarant appreciated the need to be truthful. However, a SANE examination is conducted by a medical professional and focused on the patient's physical health. As such, the presumption of "implicit awareness that the [medical professional]'s questions are designed to elicit accurate information and that veracity will serve their best interest" still applies.[25] There is no requirement, as Appellant contends, that the medical professional must first inform the declarant that truth-telling is a vital component of the diagnosis or treatment outside of the mental-health context. Citing *Taylor v. State*, the Austin Court of Appeals held in an unreported

---

[22] *Taylor*, 268 S.W.3d at 589 (emphasis in original).
[23] *Id* at 590.
[24] *Id* at 589-91.
[25] *Id* at 589.

opinion that a statement made during the course of a SANE exam was sufficiently reliable where the medical professional testified that 1) she asked the eight-year-old child victim to explain in her own words why she was there, 2) the child provided statements describing sexual abuse, and 3) the medical professional subsequently conducted a physical examination.[26] The Austin Court of Appeals recognized that the "implicit awareness" presumption applies in the course of a SANE examination absent evidence to the contrary.[27]

Although no specific inquiry was made in this case to determine whether the child victims appreciated the need to be truthful in their statements to Lach, the record is sufficient to support this conclusion. Lach testified that both child victims, six and seven years old at the time, were brought to the Children's Advocacy Center for the purpose of a SANE examination. (R.R. Vol. VI, p. 124). The examinations were performed for the purpose of medical diagnosis and treatment following outcries of sexual abuse. (R.R. Vol. VI, p. 122-23). The SANE examinations consisted of a head-to-toe assessment, a medical history interview, and a detailed genital exam. (R.R. Vol. VI, p. 122). Prior to taking the patient history, Lach explained to the child victims who she is, the purpose of the exam, what would happen during the course of the exam, and that she would be recording their statements verbatim. (R.R. Vol. VI, p. 124-25). Each child appeared to understand that they were there for the purpose of medical diagnosis and treatment.

---

[26] *Thomas v. State*, 03-11-00254-CR, 2013 WL 4516168 at *3 (Tex. App. – Austin August 23, 2013, no pet) (mem. op. not designed for publication) (citing *Taylor*, 268 S.W.3d at 589-91).

[27] *Id* at *3 (citing *Taylor*, 268 S.W.3d at 589-91) (absent evidence to the contrary, courts may presume that in the immediate aftermath of an assault or on a "physician's cold examination table," children of sufficient age and maturity will have the "implicit awareness" that honesty will serve her best interest)).

(R.R. Vol. VI, p. 125). Additionally, Lach testified that the patient histories were vital to the medical examination. (R.R. Vol. VI, p. 123).

The evidence is sufficient to support a finding that the medical history taken by Lach was given for the purpose of medical diagnosis or treatment and the child victims understood the need to be truthful. Furthermore, nothing in the record suggested that the victims' motive during the examination had been anything other than as patients responding to a physician's questioning for prospective treatment. Accordingly, the trial court did not abuse its discretion in admitting the SANE reports under Rule 803(4).

## D. Harmless Error

Assuming arguendo that the trial court erred by allowing introduction of the SANE reports, such error does not constitute reversible error. Appellant correctly points out that the introduction of extraneous offense evidence is non-constitutional error.[28] Under Rule 44.2(b), non-constitutional error must be disregarded if it does not affect the appellant's substantial rights.[29] A substantial right is affected when the error had a "substantial and injurious effect or influence in determining the jury's verdict."[30] But if the improperly admitted evidence did not influence the jury or had but a slight effect upon its deliberations, such non-constitutional error is harmless.

In making a harm analysis, reviewing courts examine the entire trial record and calculate, as much as possible, the probable impact of the error upon the rest of the

---

[28] See *Martin v. State*, 176 S.W.3d 887, 897 (Tex. App. – Fort Worth 2005, no pet.); *Johnson v. State*, 84 S.W.3d 726, 729 (Tex. App. – Houston [1st Dist.] 2002, pet. ref'd).
[29] TEX. R. APP. P. 44.2(b).
[30] *Morales*, 32 S.W.3d at 867; *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *Shugart*, 32 S.W.3d at 363; *Matz v. State*, 21 S.W.3d 911, 912 (Tex. App. – Fort Worth 2000, pet. ref'd).

evidence.[31] If overwhelming evidence dissipates the error's effect on the jury's function in determining the facts so that it did not contribute to the verdict, then the error is harmless.[32]

Here, the record reflects ample evidence of Appellant's guilt. Conesha Gullatt, the mother of the child victims, testified Appellant, the biological father, wanted to take "Barbara" and "Tasha" for Easter weekend. (R.R. Vol. IV, p. 92). When the victims returned from their weekend with Appellant, Gullatt testified the victims were acting abnormal. (R.R. Vol. IV, p. 94). "Barbara" indicated to her mother that she found blood between her legs. (R.R. Vol. IV, p. 94-95). Both victims were questioned by Gullatt and her boyfriend, Bobby Wells, and made outcries of sexual assault. (R.R. Vol. IV, p. 81, 101). Gullatt and Wells both testified to the outcry statements made by the child victims. (R.R. Vol. IV, p. 81-84, 88, 101-02). Melanie Hughes, a forensic interviewer, told the jury the victims displayed no signs of coaching. (R.R. Vol. IV, p. 219).

The victims also testified in detail regarding multiple acts of sexual abuse to support the jury's verdict of guilty. Both child victims testified Appellant penetrated each of them anally, orally, and vaginally. (R.R. Vol. IV, p. 227-28, 256-57, 260-61, 263). "Barbara", six years old at the time of the assaults, stated Appellant took her and her sister to a trailer house on Easter weekend. (R.R. Vol. IV, p. 229). Appellant made the child victims watch pornographic films as he sexually assaulted them. (R.R. Vol. IV, p. 229-30, 259). "Barbara" told the jury about how her "privacy" hurt and bled after the

---

[31] *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010).
[32] *Cuba*, 905 S.W.2d at 734 (citing *Harris*, 790 S.W.2d at 587.

14

sexual assaults. (R.R. Vol. IV, p. 230). "Tasha", a child only seven years old at the time of the offenses, described how "milk" came out of Appellant's "middle part." (R.R. Vol. IV, p. 263). "Tasha" also testified that she was bleeding between the legs on Easter weekend "[b]ecause what my daddy did." (R.R. Vol. IV, p. 265). Appellant told his daughters that they were his girlfriends. (R.R. Vol. IV, p. 268). Gloria Stokes corroborated the victims' testimony by telling the jury how she saw Appellant at the trailer on Easter weekend. (R.R. Vol. IIV, p. 7).

In addition to the evidence of Appellant's guilt, similar testimony was admitted at trial. Error in the admission of evidence may be rendered harmless when "substantially the same evidence" is admitted elsewhere without objection either before or after the complained-of ruling.[33] Here, both child victims testified in detail and without objection as to the multiple instances of sexual abuse by Appellant. Additionally, the statement that Appellant vaginally and orally penetrated "Barbara" was admitted during the testimony of Wells, the outcry witness. (R.R. Vol. IV, p. 83). Both child victims told Wells that Appellant "hunched" on them. (R.R. Vol. IV, p. 88). Wells explained to the jury that "hunching" means sexual intercourse. (R.R. Vol. IV, p. 83). Because the evidence admitted without objection was substantially the same as the statements included in the SANE reports, any impact on the jury was slight.

---

[33] *Coble*, 330 S.W.3d at 282 (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991).

15

In the instant case, a review of the record as a whole assures this Court that the erroneous admission of extraneous offense evidence, if it was error, did not influence the jury in its determination of Appellant's guilt, or had but a slight effect.

For these reasons, Appellant's first point of error should be overruled.

## Reply to Point of Error Number Two

*The trial court did not err by overruling Appellant's motion to cross-examine the State's witnesses without fear of the State offering evidence of other acts of sexual abuse. Furthermore, any error, if it was error, was harmless.*

### Argument and Authorities

**A. Standard of Review**

A trial court's ruling as to whether or not a party has "opened the door" is reviewed under an abuse of discretion standard.[34] An abuse of discretion occurs only when the trial court acts arbitrarily or unreasonably without reference to any guiding rules or principles.[35] Even if the reviewing court might have reached a different result, the court must uphold the trial court's decision to admit or exclude evidence if it was within the "zone of reasonable disagreement."[36] A trial court's evidentiary ruling must be upheld if it was correct under any theory of law applicable to the case.[37]

**B. Application of Law to Facts**

---

[34] See *Turner v. State*, 443 S.W.3d 328, 334 (Tex. App. – Houston [1st Dist.] 2014, pet. ref'd); *Jones-Jackson v. State*, 443 S.W.3d 400, 405 (Tex. App. – Eastland 2014, no pet.).
[35] *Linciciome*, 3 S.W.3d at 646; *Phelps*, 999 S.W.2d at 519.
[36] *Wheeler*, 67 S.W.3d at 888; *Weatherred*, 15 S.W.3d at 542.
[37] *De La Paz*, 279 S.W.3d at, 344.

In his second point of error, Appellant complains the trial court erroneously ruled that the State had not placed the child victims' veracity at issue during the direct-examination of Melanie Hughes, a forensic interviewer. Due to the trial court's ruling, Appellant argues that he was prohibited from cross-examining the victims regarding the inconsistencies in their statements without fear of the State seeking to offer the testimony of Appellant's other sexual abuse victims. However, Appellant's position is not supported by the law or the evidence.

First, the testimony of Melanie Hughes was not a comment on the credibility of the victims as Appellant contends. Hughes testified about the procedure of all forensic interviews, including the requirement that the child know the difference between the truth and a lie. (R.R. Vol. VI, p. 195). At no point did Hughes testify that the child victims in this case promised to tell the truth prior to making their statements or comment on their veracity. She did testify that the forensic interviews of both child victims revealed no signs of coaching. (R.R. Vol. VI, p. 202-03). Additionally, Hughes confirmed that the child victims appeared to be describing events that they actually experienced. (R.R. Vol. VI, p. 203). Testimony that a child did not exhibit signs of coaching is not a comment on the credibility of a witness and is admissible.[38] Additionally, testimony that the information provided by a child-declarant during a forensic interview came from the child and not "from someone else" has similarly been held to be admissible.[39] Therefore,

---

[38] *Schutz v. State*, 957 S.W.2d 52, 73 (Tex. Crim. App. – 1997); *Cantu v. State*, 366 S.W.3d 771, 777 (Tex. Crim. App. – Amarillo 2012, no pet.); *Reynolds v. State*, 227 S.W.3d 355, 366 (Tex. App. – Texarkana 2007, no pet.) ("[W]e fail to see how testimony that, in an expert's opinion, the child does not exhibit signs of coaching would constitute an opinion on the child's ultimate truthfulness.").
[39] *Cantu*, 366 S.W.3d at 778.

17

Appellant's argument that the State elicited testimony directly commenting on the veracity of the victims is without merit.

Next, Appellant was not prevented from cross-examining either the child victims or Melanie Hughes regarding the victims' inconsistent statements. The trial court's ruling was limited to whether or not the State had "opened the door" to cross-examination of the victims without fear of the State seeking to offer evidence of Appellant having committed other acts of sexual abuse. Appellant's ability to cross-examine any witness regarding the inconsistencies in the victims' statements was at no time limited by the trial court. Additionally, the trial court did not make a ruling on whether or not such evidence would have been admitted if offered by the State. Under Texas Code of Criminal Procedure Article 38.37 § 2-a, a trial court must first conduct a hearing to determine if evidence of an extraneous act of sexual abuse is "adequate to support a finding by the jury that the defendant committed the separate act beyond a reasonable doubt" before it is admitted at trial. Furthermore, the State was not required to wait until Appellant "opened the door" before extraneous offense evidence became relevant and admissible.

In his brief, Appellant cites *De La Paz v. State* and *Bass v. State* for the proposition that a defense attorney may open the door to extraneous offense evidence to rebut a defensive theory of fabrication. However, those cases were decided before the recent amendments of Article 38.37 of the Texas Code of Criminal Procedure to allow the introduction of prior acts of sexual abuse for the purpose of character conformity.

18

The amendment applies to all proceedings occurring on or after September 1, 2013.[40] Trial in this matter commenced on February 18, 2014. (R.R. Vol. V, p. 1). As such, the State could have offered evidence of Appellant having committed other acts of sexual abuse whether or not Appellant presented a fabrication defense.[41] The State chose to present the extraneous offense during the punishment phase of trial unless Appellant put forth a rigorous defense during guilt/innocence. Therefore, the admission of the extraneous offense evidence was not contingent upon Appellant's defensive theories.

Given that the complained-of testimony was not an improper comment on the credibility of the victims and that the trial court's ruling had no effect on Appellant's cross-examination of the witnesses, the trial court did not abuse its discretion.

## C. Harmless Error

Assuming arguendo that the trial court erred by overruling Appellant's motion, such error does not constitute reversible error. Appellant correctly points out that the trial court's determination of whether or not the door has been opened to the admission of certain evidence is non-constitutional error.[42] Under Rule 44.2(b), non-constitutional error must be disregarded if it does not affect the appellant's substantial rights.[43] A substantial right is affected when the error had a "substantial and injurious effect or influence in determining the jury's verdict."[44] But if the improperly admitted evidence

---

[40]Tex. Code Crim. Pro. Art. 38.37.
[41] Trial counsel acknowledge that notice of the extraneous offenses was provided at least thirty days prior to trial as required by Art. 38.37 § 3 of the Texas Code of Criminal Procedure. (R.R. Vol. VI, p. 5).
[42] See *Martin*, 176 S.W.3d at 897; *Johnson*, 84 S.W.3d at 729.
[43] TEX. R. APP. P. 44.2(b).
[44] *Morales*, 32 S.W.3d at 867; *Johnson*, 967 S.W.2d at 417; *Shugart*, 32 S.W.3d at 363; *Matz*, 21 S.W.3d at 912.

did not influence the jury or had but a slight effect upon its deliberations, such non-constitutional error is harmless.

In making a harm analysis, reviewing courts examine the entire trial record and calculate, as much as possible, the probable impact of the error upon the rest of the evidence.[45]   If overwhelming evidence dissipates the error's effect on the jury's function in determining the facts so that it did not contribute to the verdict, then the error is harmless.[46]

As previously discussed in Reply to Point of Error Number One, that State produced overwhelming evidence to support Appellant's conviction for six counts of Aggravated Sexual Assault of a Child against two separate victims.  Despite the overwhelming evidence of guilt, Appellant maintains that he suffered harm because the trial court's ruling prevented defense counsel from pointing out the many inconsistencies in the victims' statements.  However, Appellant was able to effectively cross-examine the State's witnesses regarding the inconsistencies in the child victims' statements.

During the testimony of Conesha Gullatt, defense counsel asked questions regarding the child victims' inconsistent statements.  Specifically, defense counsel asked whether or not "Tasha" had previously stated that she was bleeding between the legs because she had been disciplined with a belt.  (R.R. Vol. VI, p. 108).  This same line of questioning was directed to the first responding officer, Cole Ogden.  (R.R. Vol. VI, p. 116-17).   Both child victims were extensively cross-examined regarding the

---

[45] *Coble*, 330 S.W.3d at 280.
[46] *Cuba*, 905 S.W.2d at 734 (citing *Harris*, 790 S.W.2d at 587.

20

inconsistencies in their statement. (R.R. Vol. VI, p. 234-35, 237, 244, 271, 277). The victims were made to watch their forensic interviews so that defense counsel could complete cross-examination. (R.R. Vol. VI, p. 241, 274). Furthermore, defense counsel's closing argument highlighted the child victims' inconsistent statements. (R.R. Vol. VII, p. 53-54).

Because defense counsel was not prevented from cross-examining the State's witnesses regarding the inconsistent statements of the child victims, any error in the trial court's ruling, if it was error, was harmless.

For these reasons, Appellant's second point of error should be overruled.

# Reply to Point of Error Number Three

*The trial court did not err by allowing the State's expert witness to remain in the courtroom during the testimony of the child victims. Furthermore, any error, if it was error, was harmless.*

### Argument and Authorities

**A. Standard of Review**

A trial court's decision to admit testimony from a witness, even if that witness has heard others testify in violation of the witness sequestration rule, is reviewed for an abuse of discretion.[47] An abuse of discretion occurs only when the trial court acts arbitrarily or unreasonably without reference to any guiding rules or principles.[48] Even if the reviewing court might have reached a different result, the court must uphold the trial

---

[47] *Guerra v. State*, 771 S.W.2d 452, 474 (Tex. Crim. App. 1988); *Taylor v. State*, 173 S.W.3d 851, 853 (Tex. App. – Texarkana 2005, no pet.).
[48] *Linciciome*, 3 S.W.3d at 646; *Phelps*, 999 S.W.2d at 519.

21

court's decision to admit or exclude evidence if it was within the "zone of reasonable disagreement."[49]

## B. Application of Law to Facts

In his third point of error, Appellant complains that the trial court erroneously allowed the State's expert witness to hear the testimony of the child victims. Prior to the child victims' testimony, the State requested an exemption from the previously invoked Texas Rule of Evidence 614 (the "rule") for Karrah Dickeson, the clinical director for the Texarkana Children's Advocacy Center and trauma counselor for the victims. (R.R. Vol. VI, p. 220-21). The trial court then allowed Dickeson to remain in the courtroom to observe only the testimony of the child victims over defense counsel's objection. (R.R. Vol. VI, p. 221). Appellant argues that the State's explanation was inadequate to exempt Dickeson from the rule.

Texas Rule of Evidence 614 provides in relevant part: "At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion." The purpose of Rule 614 of the Texas Rules of Evidence is to prevent one witness from being influenced by the testimony of another.[50] The trial court must invoke the rule if requested to do so.[51] After the rule has been invoked, enforcement of the rule is within the trial court's discretion.[52]

---

[49] *Wheeler*, 67 S.W.3d at 888; *Weatherred*, 15 S.W.3d at 542.
[50] *Martinez v. State*, 867 S.W.2d 30, 40 (Tex. Crim. App. 1993).
[51] Tex. R. Evid. 614.
[52] *Guerra*, 771 S.W.2d at 474-75; *Walker v. State*, 2 S.W.3d 655, 658 (Tex. App. – Houston [14th Dist.] 1999, no pet.).

A trial court may, pursuant to Rule 614, exempt a witness "whose presence is shown by a party to be essential to the presentation of the party's cause."[53]

An expert's presence may be essential because she plans to base her opinion on evidence or testimony offered at trial.[54] This would qualify an expert for exemption under the rule. In *Lewis v. State*, the Court of Criminal Appeals held that the trial court did not err in allowing the State's expert witness to remain in the courtroom during a witness's testimony and then subsequently answering hypothetical questions based on that witness's testimony.[55] In *Martinez v. State*, the Court of Criminal Appeals again held:

> The trial court is vested with discretion and may permit expert witnesses to be exempt from the rule in order that they may hear other witnesses testify and then base their opinion on such testimony. [Witness] was to give his expert opinion whether [defendant] would constitute a continuing threat to society. Therefore, we cannot say that the trial judge abused his discretion in allowing [witness] to observe the testimony of [defendant's] brother and sister.[56]

Appellant cites *Moore v. State* to support his argument that the State's expert did not fall under a recognized exception to the rule. The Court of Criminal Appeals held that the trial court's reasoning for excluding a witness from the rule, expediency, was not a recognized exception.[57] However, the *Moore* Court noted in a footnote that the trial

---

[53] Tex. R. Evid. 614(3).
[54] See Tex. R. Evid 703 (expert may base opinion on "facts or data…made known to the expert at…the hearing").
[55] *Lewis v. State*, 486 S.W.2d 104, 106 (Tex. Crim. App. 1972).
[56] *Martinez*, 867 S.W.2d at 40 (internal citations omitted).
[57] *Moore v. State*, 882 S.W.2d 844, 848 (Tex. Crim. App. 1994).

court could have properly excluded the State's expert from the rule because he qualified as a person whose presence could be essential to the presentation of the State's case.[58]

*Moore* is distinguishable from the case at bar. Here, the trial court never ruled that the witness was exempt for an improper purpose. Similar to *Lewis and Martinez*, the State in this case requested that Karrah Dickeson, the child victims' trauma counselor, be excluded from the rule because her expert opinion would require her to observe the testimony of the child victims. (R.R. Vol. VI, p. 220-21). Because the State proffered a recognized exception to the rule, the trial court did not abuse its discretion.

## C. Harmless Error

Assuming arguendo that the trial court erred by overruling Appellant's objection, such error does not constitute reversible error. A trial court's error, if it was error, in allowing a witness to remain in the courtroom in violation of Rule 614 is non-constitutional error.[59] Rule 44.2(b) provides that a non-constitutional error "that does not affect substantial rights must be disregarded." In deciding whether the error of allowing a witness to remain in the courtroom was harmful, reviewing courts consider 1) whether the witness actually heard the testimony of other witnesses, and 2) whether the witness's testimony either contradicted the testimony of a witness from the opposing side or corroborated testimony of a witness she heard.[60] Appellant has the burden to demonstrate that the record supports a finding under both prongs.[61] However, the main "question in

---

[58] *Id*. at 848 n. 5.
[59] *Russell v. State*, 155 S.W.3d 176, 181 (Tex. Crim. App. 2005).
[60] *Allen v. State*, 436 S.W.3d 827, 834 (Tex. App. – Texarkana 2014, no pet.).
[61] *Id*. at 834.

assessing the harm of allowing [the witness] to remain in the courtroom is whether he was influenced in his testimony by the testimony he heard."[62]

It is undisputed that Dickeson was allowed to remain in the courtroom when both child victims testified. (R.R. Vol. IIV, p. 16). However, Dickeson's testimony was not influenced by hearing the testimony of other witnesses. In his brief, Appellant argues that Dickeson corroborated the testimony of the victims and testified that, in her expert opinion, the victims were sexually assaulted. The record does not support Appellant's contentions or that he was harmed by the trial court's decision in excluding Dickeson from the rule.

Dickeson testified that she is currently treating both child victims. (R.R. Vol. VII, p. 18). She further testified about her qualifications and the type of treatment she provides. (R.R. Vol. VII, p. 11-16). She heard the victims, seven and eight years old at the time of trial, use the term "sexual abuse" during their testimony. (R.R. Vol. VII, p. 16). During the course of therapy, child victims are taught the technical words for body parts and what they have experienced. (R.R. Vol. VII, p. 17-18). Appellant is correct in that the State offered this testimony to explain why children of such a young age would testify using adult language such as "sexual abuse." However, Dickeson's testimony was not influenced by hearing the children testify. Dickeson testified that all children treated at her facility are taught these terms, therefore, the State could have elicited this testimony without Dickeson having heard the victims testify.

---

[62] *Id.* (citing *Russell*, 155 S.W.3d at 181).

Appellant also points out the testimony in which Dickeson discussed the difficulty child victims face in discussing acts of sexual abuse. Dickeson testified that both children had a difficult time discussing the acts of sexual abuse during treatment, a trauma symptom known as avoidance. (R.R. Vol. IIV, p. 21). The State then summarized the inability of one of the victims to describe her abuse in detail at trial. (R.R. Vol. IIV, p. 21-22). In her experience, Dickeson stated that children often have difficulty discussing personal aspects of the abuse around strangers or the perpetrator. (R.R. Vol. IIV, p. 22). At no time did Dickeson proffer that this child had difficulty discussing the details because she was traumatized by the sexual assaults. Furthermore, Dickeson did not testify that, in her expert opinion, the victims had been sexually abused.

Finally, Dickeson was not allowed to testify regarding the facts of the case. The State attempted to offer statements made by both child victims regarding the sexual assaults during the course of therapy as statements for medical diagnosis or treatment. (R.R. Vol. IIV, p. 22). However, the trial court sustained the defense's objection. (R.R. Vol. IIV, p. 22-24). At this point, the State passed the witness and defense counsel had no questions. (R.R. Vol. IIV, p. 24). Therefore, Dickeson's testimony did not corroborate the testimony of the child victims.

Because the record does not support Appellant's contention that Dickeson corroborated the testimony of the child victims or that Dickeson's testimony was in any way influenced by the testimony of other witnesses, any error is harmless.

For these reasons, Appellants third point of error should be overruled.

26

# Reply to Point of Error Number Four

*The trial court did not err by overruling Appellant's objection to the State's closing argument because the objected-to portion was a proper plea for law enforcement. Furthermore, if the trial court did error in overruling Appellant's objection, such error was harmless.*

## Argument and Authorities

### A. Standard of Review

The standard for review for overruling an objection to improper jury argument is an abuse of discretion.[63] An abuse of discretion occurs only when the trial court acts arbitrarily or unreasonably without reference to any guiding rules or principles.[64] Even if the reviewing court might have reached a different result, the court must uphold the trial court's decision to admit or exclude evidence if it was within the "zone of reasonable disagreement."[65]

### B. Application of Law to Facts

In his fourth point of error, Appellant claims the trial court erred in overruling his objection to the prosecutor's closing argument in the guilt/innocent stage of trial. During the guilt/innocence phase, the State's attorney made the following argument:

> What we expected from those children, they delivered. We got there. I got there. I told you in opening I saw going to get there, and we got there this week. They did their part. You do your part by those girls now. They need you. You are all they have. They get one shot at this day, and you are all they have. Go back there and fight for those little girls.

---

[63] *Nzewi v. State*, 359 S.W.3d 829, 841 (Tex. App. – Houston [14th Dist.] 2012, pet. ref'd); see *Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010); *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004).
[64] *Linciciome*, 3 S.W.3d at 646; *Phelps*, 999 S.W.2d at 519.
[65] *Wheeler*, 67 S.W.3d at 888; *Weatherred*, 15 S.W.3d at 542.

[APPELLANT'S COUNSEL]: Objection, Your Honor. That's completely improper telling a jury to be an advocate for the State, individual jurors to advocate for the State's position back there.

THE COURT: It's overruled.

(R.R. Vol. IIV, p. 63).

The four permissible areas of jury argument are (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answer to the argument of opposing counsel, and (4) plea for law enforcement.[66] Appellant contends that the prosecutor's argument to "fight for those little girls" fell outside the permissible areas of jury argument. Specifically, Appellant contends that the argument was an improper plea for abandonment of objectivity.

Appellant cites *Brandley v. State* to support his argument that the State's comments were a demand for abandonment of objectivity. In *Brandley*, the State's attorney requested that the jury should put themselves in the shoes of the victim's family by stating, "[T]hink about how you would feel if you lost your children in considering…"[67] The Court of Criminal Appeals in *Brandley* held that such an argument was improper but found the error to be harmless.[68]

Conversely, the State's argument in the case at bar did not ask the jury to place themselves in the victims' position. Instead, the prosecutor's argument was a proper plea for law enforcement. Several courts have held that arguments reminding the jury to consider the victim during deliberations are proper. For example, in *Ayala v. State*, the

---

[66] *Guidry v. State*, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999).
[67] *Brandley v. State*, 691 S.W.2d 699, 712 (Tex. Crim. App. 1985).
[68] *Id*. at 713.

28

State's attorney asked the jury to think of the victim, the victim's children, and the justice the victim is entitled to while deliberating.[69] The Houston Court of Appeals held that the argument was a proper plea for law enforcement.[70]

Likewise, in *Torres v. State*, the prosecutor argued for the jury to consider the victim and the victim's pain during deliberation. The trial court overruled defense counsel's objection, and the defendant argued on appeal that the State impermissibly asked the jury to place themselves in the victim's shoes.[71] The *Torres* Court held that the prosecutor's comment was a reasonable deduction from the evidence along with a proper plea for law enforcement.[72] In doing so, the Court noted the distinction between *properly* asking the jury to place themselves in the shoes of the victim to understand the pain, injury, or loss suffered by the victim versus *improperly* asking the jury to place themselves in the shoes of the victim to consider what verdict the victim would want.[73]

The State's argument merely requested the jury to consider the child victims during their deliberations – a proper plea for law enforcement. At no time was the jury improperly requested to place themselves in the position of the victims or to abandon their objectivity. Given that the State's argument fell within a permissible area of jury argument, the trial court did not abuse its discretion.

**C. Harmless Error**

---

[69] *Ayala v. State*, 267 S.W.3d 428, 435 (Tex. App. – Houston [14th Dist.] 2008, no pet.).
[70] *Id*. at 436.
[71] *Torres v. State*, 92 S.W.3d 911, 924 (Tex. App. – Houston [14th Dist.] 2002, pet. ref'd).
[72] *Id*. at 924.
[73] *Id*. at 923-24.

Assuming arguendo that the trial court erred by overruling Appellant's objection, such error does not constitute reversible error. The alleged error is non-constitutional; thus, the standard of review is that in Texas Rule of Appellate Procedure 44.2(b).[74] Rule 44.2(b) provides that a non-constitutional error "that does not affect substantial rights must be disregarded." When a jury argument exceeds the permissible bounds of the four approved areas, an error will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding.[75] The remarks must have been a willful and calculated effort on the part of the State to deprive Appellant of a fair and impartial trial.[76] Counsel's remarks during final argument must be considered in the context in which they appear.[77]

Here, the prosecutor's argument did not inject any undue prejudice or other arbitrary factor which unfairly prejudiced the jury's verdict. Appellant does not argue that the State's argument violated a mandatory statute, improperly injected new facts, or that the prosecutor willfully attempted to deprive Appellant of a fair and impartial trial. Concerning harm, Appellant proffers that the State's argument left the jury with a false impression that it was their duty to fight for the victims. This alleged false impression was created by one sentence from the State's entire closing argument which spans roughly twelve pages of the record. The State's argument began with a recitation of the

---

[74] *Klock v. State*, 177 S.W.3d 53, 65 (Tex. App. – Houston [1st Dist.] 2005, pet. ref'd).
[75] *Wesbrook v. State*, 20 S.W.3d 103, 115 (Tex. Crim. App. 2000); *Todd v. State*, 598 S.W.2d 286, 296-97 (Tex. Crim. App. 1980).
[76] *Id.* (citing *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997), cert. denied, 522 U.S. 994 (1997).
[77] *Denison v. State*, 651 S.W.2d 754, 761 (Tex. Crim. App. 1996).

evidence presented. (R.R. Vol. VII, p. 47-52). After the defense's closing statement, the prosecutor responded to defense counsel's arguments that the State failed to put forth proof beyond a reasonable doubt and that the criminal investigation failed to reveal physical proof of a sexual assault for either victim. (R.R. Vol. VII, p. 59-64). On multiple occasions the State demanded justice for the victims in the form of six guilty verdicts. (R.R. Vol. VII, p. 52, 64). The cumulative effect of the State's objected-to argument in no way left the jury with a false impression that they had a duty to fight for the victims – rather, it was clear the State was demanding justice for the victims. It comes as no surprise that the prosecutors argued that justice in this case was six guilty verdicts. Furthermore, considering the abundance of evidence presented to prove Appellant's guilt, it cannot be said that the State's objected-to argument injected any undue prejudice or other arbitrary factor which unfairly prejudiced the jury's verdict.

Even if a defendant objects to an improper jury argument once, failure to object to similar arguments will result in an appellate court finding that the trial court's error, if any, in failing to sustain the objection is harmless.[78] After summarizing the evidence, the State's attorney asked the jury to "give those little girls justice" without objection. (R.R. Vol. VII, p. 52). After defense counsel's objection to the allegedly improper argument was overruled, the prosecutor continued to request for the jury to consider the victims during their deliberations and similarly argued that the victims "need[ed]" the jurors to receive justice. The State argued, "I tell you that the girls need justice…Y'all know that they need us. They need me. They need you. Go back there and write down that he is

---

[78] *Howard v. State*, 153 S.W.3d 382, 385 (Tex. Crim. App. 2004).

guilty of all six counts of aggravated sexual assault." Appellant did not object to these arguments. Because the jury heard a similar argument without objection, the error, if any, is without harm.[79]

In the instant case, a review of the record as a whole assures this Court that the erroneous overruling of Appellant's objection, if it was error, was harmless.

For these reasons, Appellant's fourth point of error should be overruled.

---

[79] See *Longoria v. State*, 154 S.W.3d 747, 766 (Tex. App. – Houston [14th Dist.] 2004, pet. ref'd); *McFarland v. State*, 845 S.W.2d 824, 840 (Tex. Crim. App. 1994)(overruled on other grounds).

# Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** there being legal and competent evidence sufficient to justify the conviction and punishment assessed in this case and no reversible error appearing in the record of the trial of the case, the State of Texas respectfully prays that this Honorable Court affirm the judgment and sentence of the trial court below.

**Respectfully Submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819


/s/ *Samantha J. Oglesby*

By:    **Samantha J. Oglesby**
*Assistant Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819

**Attorneys for the State**

## Certificate of Compliance

I, Samantha J. Oglesby, hereby certify that, pursuant to Rule 9.4 of the Texas Rules of Appellate Procedure, the State's Brief contains 8,558 words. This excludes the caption, identity of parties and counsel, table of contents, index of authorities, statement of the case, certificate of compliance, proof of service, and signature.

/s/ *Samantha J. Oglesby*
**Samantha J. Oglesby**

## Certificate of Service

I, Samantha J. Oglesby, certify that I have served a true and correct copy of the foregoing Brief for the State upon Jason Horton, Attorney for Appellant, on this the 5th day of January, 2015.

/s/ *Samantha J. Oglesby*
**Samantha J. Oglesby**